UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GHAZALA N. COMPOS, | )<br>)<br>) Case No.: C08-128 CRD<br>)<br>)<br>)<br>) ORDER RE: SOCIAL SECURITY<br>) DISABILITY APPEAL<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Ghazala Compos appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a fifty-two-year-old female, forty-four years old at the alleged disability onset date. She has a high school education in Pakistan, some vocational training, and has work experience as hospital cleaner, institutional cleaner, and cashier.

Plaintiff applied for SSI in July 2002 alleging disability since August 2001. Her claim was denied initially and upon reconsideration, and she timely requested an ALJ hearing. On May 3, 2006, a *de novo* hearing was held before ALJ Joyner. The ALJ heard testimony from

ORDER - 1

Plaintiff, who was represented by counsel, Debra J. Venhaus, Esq., Administrative Record ("AR") at 731-774. The ALJ rendered an unfavorable decision on June 29, 2006. Plaintiff requested review by the Appeals Council and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On January 31, 2008, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Compos bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are

of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 24, Finding 2. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case, the ALJ found Plaintiff has the severe impairments of lumbar strain, depressive disorder, and generalized anxiety disorder. AR 24, Finding 3. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR at 16, Finding 4.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case found Plaintiff:

> [H]as the residual functional capacity to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. She is limited to occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs with no climbing of ladders, ropes, and scaffolding. She needs to avoid exposure to heights and workplace hazards. She is capable of performing simple repetitive tasks in a non-public work environment.

AR at 25, Finding 5.

The ALJ next found that Plaintiff could not perform any of her past relevant work. AR at 30, Finding 6. If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff could perform a range of unskilled sedentary and light jobs including electrical assembler and table worker. AR at 32. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. *Id*.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in rejecting the psychological medical expert's opinion?
2. Did the ALJ err in not ordering legible treatment reports?
3. Did the ALJ err in rejecting the opinions of Drs. Morris and Schimmel?
4. Did the ALJ err in assessing Plaintiff's RFC?
5. Did the ALJ err at step five in finding Plaintiff could perform other work?

Dkt. No. 16 at 1.

///

# VI. DISCUSSION

*A.  The ALJ did not err in rejecting the psychological medical expert's opinion, and the opinions of Doctors Morris and Schimmel.*

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Lewy, the medical expert who testified at the hearing.  Dr. Lewy found that Plaintiff meets listings for depression, anxiety, and a pain disorder as of 2005; however, the ALJ found Plaintiff did not meet any listing.  Plaintiff argues the ALJ's rejection is not supported by evidence.  To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 31 (9th Cir.1995); *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989).  If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted).

The ALJ gave the following reasons for rejecting Dr. Lewy's opinion regarding Plaintiff's mental impairments: she had very little psychological treatment; her activities are inconsistent with listing-level impairments; the treatment records Dr. Lewy had did not include her credibility problems; her physicians noted she was inconsistent and exaggerated her complaints; she had noncompliance due to lack of follow-up; she went on two international trips during the period; she went on two extended trips to New York during the period[2]; and she told her physicians at the time that "she was too depressed and anxious to work yet she was not too depressed and anxious to sit in multiple airplanes for hours at a time, negotiate several large international airports, and handle going through ticketing, security, customs, and boarding processes in this country and several others on at least 4 different occasions." AR 24-25.  The ALJ concluded that considering the evidence of her abilities and activities, Plaintiff is not

---

[2] The purpose of her travel to New York is disputed: Plaintiff maintains a wealthy friend sent her there for a health spa treatment with organic food and to share her recipes, however, the ALJ cites to evidence that she went there to work as a cook for the two summers.  AR 26.

credible, and therefore found her less limited than Dr. Lewy did. *Id.* At the hearing, the ALJ questioned Dr. Lewy about his conclusions, asking on what did he base his opinion. AR 765. Dr. Lewy testified that his opinion was based upon Plaintiff's complaints in light of symptoms noted in psychological references. *Id.* The ALJ questioned Dr. Lewy regarding an incidence of Plaintiff's chest pain in 2005 that Dr. Lewy decided was a panic attack because he thought there was no organic basis for it. AR 764. However, the ALJ noted that Plaintiff had a cardiac catheter at that time, which he believed was the source of her chest pains. AR 765.

Plaintiff argues that her trips out of the country were necessary to visit her dying mother and sister. The Court notes that while this may be true, Plaintiff was able to make the long trips, which, as the ALJ noted, require physical and emotional stamina. Despite this evidence, the ALJ found Plaintiff's anxiety disorder and depression were severe impairments at step two.

Plaintiff also argues that the ALJ "formulated his own medical opinions" contrary to law. The Court disagrees; the ALJ rejected Dr. Lewy's opinion that Plaintiff met the listings because he found evidence in the record suggesting she is capable of more than the doctor found. The ALJ cited specific evidence in the record for rejecting Dr. Lewy's opinions and instead found Plaintiff only mild to moderately limited in functional areas. Because Dr. Lewy is a reviewing physician and did not treat or examine Plaintiff, the ALJ is required only to consider his opinion and explain the weight he assigned to it. 20 C.F.R. §§ 404.1527(f)(2)(i). The ALJ noted that "treating and examining physicians found no or only mild objective findings and observed no major difficulties with functioning during examinations. She has not received the type of medical treatment one would expect for a totally disabled individual. Her treatment has been essentially routine and/or conservative in nature and the records reveal that this treatment has been generally successful in controlling her objective symptoms." AR 25.

Generally, the ALJ discounted opinions that relied on Plaintiff's subjective complaints because he found her not at all credible. The ALJ was concerned with Plaintiff's credibility because after a relatively minor fall on the job in 2001, she stopped working although her doctors found she could return to work. AR 18-19. Plaintiff's employer then had her investigated and videotaped, capturing her performing activities inconsistent with her alleged injury. AR 19.

ORDER - 6

Plaintiff was recorded "walking comfortably and lifting a vacuum cleaner into the trunk of a car while tilting her neck to speak on a cordless phone", bending forward without exhibiting pain behavior, picking up paper towels from the bottom of a shopping cart, holding a toddler and transferring the child to another person, and walking at a brisk pace. AR 20. Her worker's compensation claim was determined to be fraudulent and Plaintiff was required to repay $6,000.00 as a result.

Because of the fraud claim, the ALJ had Plaintiff further investigated. AR 26. The investigation uncovered that Plaintiff had a speeding ticket in 2005, a neighbor reported a party at her house in January 2006, neighbors reported not seeing any evidence of illness or pain, a neighbor said she went to New York to work in a kitchen, and the investigator observed her pulling out of a parking space and driving her car while talking on a cell phone. AR 26. The ALJ found that this evidence shows that "she was social as well as out of the house, driving a car during the period of time she states she could not even dress or groom herself." *Id.* The Court finds that the reasons the ALJ cites for disagreeing with Dr. Lewy's opinions are based on substantial evidence and therefore not in error.

Plaintiff also asserts the ALJ rejected the opinions of Doctors Schimmel and Morris, state agency examining physicians, in error. The ALJ gave no weight to either of the doctors' psychological evaluations because they were one-time only evaluations, they relied heavily on the subjective report of symptoms and limitations provided by Plaintiff, and "seemed to uncritically accept as true most, if not all, of what she reported." AR 29. The ALJ further took issue with the two reports because they were merely "check-the-box" type forms which were not supported by treatment notes or any proof in the record, including contemporaneous notes from either doctor. AR 29-30. Contrary to Plaintiff's assertion, the ALJ did not dismiss the opinions solely because they were in check-box format, but because the forms were unsupported by other notes or evidence from those doctors. Dr. Morris' report also includes a question and answer list of psychological questions he asked Plaintiff, but does not include any record of his independent impressions or a narrative assessment. AR 232-33. The Court agrees with the ALJ's reasoning and finds the reasons for rejecting the opinions, the lack of objective findings and physicians'

notes, specific and legitimate and supported by substantial evidence in the record. As such, the ALJ did not err in evaluating the opinions of doctors Shimmel and Morrison.

   B.   *The ALJ did not err by not ordering report copies.*

Plaintiff asserts that the ALJ erred because he failed to order legible mental health reports of Dr. Baily in 2006 and because he rejected the opinions in the reports. Plaintiff maintains that it was the ALJ's duty to contact the physician to obtain better copies.

At the hearing, the ALJ, Plaintiff's attorney, and the medical expert discussed that certain reports of Dr. Bailey's were illegible and they attempted to decipher them. AR 762. The ALJ discussed with Plaintiff's attorney whether better copies were available or if there were any objections to the copies. Counsel stated there were no better copies and did not object or ask that the record remain open for obtaining improved copies. AR 734-35. Plaintiff and counsel were apparently well aware of the illegibility of the documents but did not make any effort to clarify them. Regardless, the GAF score Dr. Bailey assigned, 45, was legible and was discussed at the hearing. AR 762. The ALJ and the medical expert, Dr. Lewy, discussed that Dr. Bailey did not include any mental status examination but only noted a "history report of Plaintiff's complaints." *Id.* In his decision, the ALJ noted that Dr. Bailey's evaluations were made in 2006, years after the alleged onset date in 2001, and that he relied primarily on the subjective history provided by Plaintiff. AR 30. The ALJ also found Dr. Bailey's evaluations less persuasive because Plaintiff had not required significant mental health treatment or medication, and noted that the rest of the psychological evidence does not support his GAF score assignment. *Id.* From the record, it is unclear how the ALJ concluded Dr. Bailey's assessment was based on Plaintiff's subjective complaints when the report was mostly illegible, however, the Court finds the additional reasons cited by the ALJ are specific and legitimate. For example, the ALJ noted that the GAF score of 45 is contradicted by the GAF score of 55 assigned after Dr. Pamintuan's examination, which is also supported by the findings of the state agency reviewing physicians. AR 30. Accordingly, the Court finds the ALJ's determination was based on substantial evidence and not in error.

///

///

*C. The ALJ did not err in assessing Plaintiff's residual functional capacity.*

Plaintiff asserts that the ALJ erred in assessing her RFC because he did not factor in the pain disorder found by Dr. Lewy, a disc bulge, all of the limitations found by her treating and examining doctors, and the side effects of her medication including diarrhea and fatigue. Dkt. 16 at 19. The ALJ found that Plaintiff has the residual functional capacity to perform a limited range of sedentary to light work. AR 25. Plaintiff argues that the ALJ improperly evaluated the medical and psychological evidence and that the RFC determination based on the improper assessments was consequently in error. The Court does not agree. As discussed above, the Court finds the ALJ did not err in evaluating the medical and psychological evidence that Plaintiff disputes, therefore a residual functional capacity assessment accurately based on those evaluations is not in error. The ALJ rejected Dr. Lewy's opinion regarding a pain disorder because he found there was no supporting objective evidence and because the opinion was based largely on Plaintiff's subjective complaints. As also discussed above, the ALJ did not err in rejecting limitations that Drs. Lewy, Schimmel, Morris and Bailey found, therefore, it was not error to exclude them in the RFC determination. The ALJ accounted for the disc bulge in finding Plaintiff's lumbar strain was a severe impairment. AR 24. The ALJ did not explicitly include medication side effects of diarrhea and fatigue in the RFC assessment, however did discuss Plaintiff's complaints of fatigue in detail and dismissed her testimony as not credible. AR 26.

*D. The ALJ did not err at step five in finding Plaintiff could perform other work.*

Plaintiff argues that the ALJ's finding that she could perform other work was not based on substantial evidence. Plaintiff asserts the hypothetical question presented to the vocational expert at the hearing did not correctly reflect her true RFC.

The ALJ found that although Plaintiff could not perform the full range of light work, she could perform some sedentary and light work. Based on the vocational expert testimony in response to the question involving a person with Plaintiff's limitations, the ALJ concluded Plaintiff is capable of working at jobs such as an electrical assembler and table worker. As addressed above, this Court finds the RFC determination was based on substantial evidence and not in error; thus, the hypothetical questions asked of the vocational expert based on that RFC

were also not in error. The ALJ appropriately used a vocational expert to find examples of sedentary to light-work jobs Plaintiff could perform, based on the RFC and limitations he found appropriate. Where the ALJ's findings are based upon substantial evidence in the record, the Commissioner's decision to deny benefits will not be reversed. *Bayliss*, 427 F.3d at 1214.

### VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 8th day of September, 2008.

Carolyn R. Dimmick
United States District Judge